UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANYELL THOMAS,

                Petitioner,

v.

SHERRY BURT,

                Respondent.

_____/

Case No. 1:20-cv-349

Honorable Janet T. Neff

**<u>REPORT AND RECOMMENDATION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

### I.    Factual Allegations

Petitioner Danyell Thomas is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility.  Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of four charges: (1) felony murder, in violation of Mich. Comp. Laws § 750.316(1)(b); (2) conspiracy to commit armed robbery, in violation of Mich. Comp. Laws §§ 750.157a, 750.529; (3) assault with intent rob while armed, in violation of Mich. Comp. Laws § 750.89; and (4) possession of a firearm during the commission of a felony (felony firearm), in violation of Mich. Comp. Laws § 750.227b.  On January 13, 2015, the court sentenced Petitioner, as a third habitual offender, in violation of Mich. Comp. Laws § 769.11, to life imprisonment without the possibility of parole on the murder conviction; twenty to forty years' imprisonment on the armed-robbery conviction; twenty to forty years' imprisonment on the assault conviction; and two years' imprisonment on the felony-firearm conviction.

On April 20, 2020, Petitioner filed his habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on April 20, 2020.  (Pet., ECF No. 1, PageID.18.)

## II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.  The Michigan Supreme Court denied his application on April 4, 2017.  Petitioner did not petition for certiorari to the United States Supreme Court.  The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired.  *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  The ninety-day period expired on July 3, 2017.

Petitioner had one year from July 3, 2017, to file his habeas application.  Petitioner filed his application on April 20, 2020.  Obviously he filed more than one year after the period of limitations began to run.  Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  A motion for post-conviction relief is considered "pending" until "the

application has achieved final resolution through State's postconviction procedures." *See Carey v. Saffold*, 536 U.S. 214, 220 (2002).  The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court.  *Lawrence*, 549 U.S. at 332.

Petitioner properly filed a motion for relief from judgment on April 6, 2018, thereby tolling the statute of limitations when he had 89 days remaining in his limitations period.  The trial court denied Petitioner's motion by order entered on April 24, 2018.  (Ex. 3 Supp. Pet., ECF No. 1-2, PageID.77.)  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals on May 15, 2018. *See People v. Thomas*, No. 343839 (Mich. Ct. App.).[1]  That court denied leave to appeal by order on August 9, 2018.  *Id.*  Petitioner applied for leave to appeal to the Michigan Supreme Court on September 17, 2018.  *See People v. Thomas*, No. 158411 (Mich.).[2] The supreme court denied Petitioner leave to appeal by order entered on April 2, 2019.  *Id.*  The limitations period began to run again at that time, and it expired 89 days later, on June 30, 2019.  Petitioner, however, did not file his habeas petition until April 20, 2020, well past when the statute of limitations had expired.

---

[1]     *See* Michigan Courts Case Search, https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx (search in case docket number for "343839" and select "Court of Appeals") (last visited May 4, 2020).

[2]     *See* Michigan Courts Case Search, https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx (search in case docket number for "158411" and select "Supreme Court") (last visited May 4, 2020).

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner arguably contends that the Court should apply equitable tolling in his case, but his position is flawed. Petitioner alleges that he "was denied access to the Court after being placed in temp[orary] seg[regation] during the COVID-19 pandemic." (Pet., ECF No. 1, PageID.17.) The novel coronavirus that causes COVID-19 did not emerge until December 2019 in China,[3] well after Petitioner's opportunity

---

[3]    *See Coronaviruses*, Nat'l Inst. Allergy & Infectious Diseases, https://www.niaid.nih.gov/diseases-conditions/coronaviruses (last visited May 4, 2020) ("(COVID-19), which emerged from China in December 2019 and was declared a global pandemic by the World Health Organization on March 11, 2020.").

to file his habeas petition had expired in June 2019.  Petitioner has shown neither that he pursued his rights diligently nor that any efforts to mitigate the effect of COVID-19 stood in his way to prevent him from timely filing his petition.  *See Holland*, 560 U.S. at 649.  Thus, Petitioner cannot meet his burden and his argument that the Court should equitably toll the statute of limitations because COVID-19 prevented his access to the courts utterly fails.

Moreover, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-393 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because

actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399-400.

In the instant case, Petitioner makes no claim that he is actually innocent, nor does he proffer new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## III.    Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28

U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate.  *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely.  Therefore, I recommend that a certificate of appealability should be denied.

Moreover, although I conclude that Petitioner has failed to demonstrate that he is in custody in violation of the constitution and has failed to make a substantial showing of a denial of a constitutional right, I would not conclude that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  Finally, I recommend that the Court not certify that an appeal would not be taken in good faith.

Dated:  May 7, 2020                              /s/ Phillip J. Green
                                                PHILLIP J. GREEN
                                                United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).